UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STODDART,<br><br>Plaintiff,<br><br>v.<br><br>HEAVY METAL IRON, INC., et al<br><br>Defendants. | No. 2:22-cv-01532-DAD-DB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. No. 14) |

This matter is before the court on plaintiff's motion to remand this action to the Solano County Superior Court. (Doc. No. 14.) On February 27, 2023, plaintiff's motion was taken under submission on the papers. (Doc. No. 17.) For the reasons set forth below, the court will grant plaintiff's motion to remand.

**BACKGROUND**

On May 13, 2022, plaintiff Michael Stoddart filed a lawsuit against defendants Heavy Metal Iron, Inc. ("HMI"), Daniel Bong, and Does 1 through 50 in the Solano County Superior Court. (Doc. No. 1-2.) In his complaint, plaintiff asserts on his own behalf eight causes of action under state law: (1) failure to provide meal periods or required premiums in violation of California Labor Code §§ 226.7, 512, and 1198; (2) failure to provide rest periods or required premiums in violation of California Labor Code §§ 226.7 and 1198; (3) failure to pay minimum and regular wages in violation of California Labor Code §§ 1194, 1197, and 1198; (4) failure to

1

pay all overtime wages in violation of California Labor Code §§ 510, 1194, and 1198; (5) failure to failure to reimburse employees for required expenses in violation of California Labor Code § 2802; (6) failure to provide accurate itemized wage statements in violation of California Labor Code §§ 226 and 1198; (7) failure to provide all wages due upon separation of employment in violation of California Labor Code §§ 201, 202, and 203; and (8) unfair competition in violation of California Business and Professions Code § 17200, *et seq*. (Doc. No. 1-2 at 1.) Additionally, plaintiff asserts a ninth cause of action as a representative action pursuant to the Private Attorneys General Act of 2004, California Labor Code §§ 2698–2699 ("PAGA") on behalf of himself, the Labor Workforce Development Agency ("LWDA"), and "aggrieved employees" employed by defendants, defined as "all other current and former non-exempt employees of [d]efendant who work or have worked in any non-exempt position in California and who have suffered at least one of the wage and hour violated described herein during the applicable time period." (*Id.* at ¶ 1.)

On August 31, 2022, defendants removed this action to this federal court pursuant to 28 U.S.C. § 1441(a) on the basis that federal question jurisdiction exists because plaintiff's PAGA claim is preempted both under § 301 of the Labor Management Rights Act ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. (Doc. No. 1 at ¶¶ 4.) On January 31, 2023, plaintiff filed the pending motion to remand, asserting that none of his claims are preempted by federal law. (Doc. No. 14.) Defendants filed an opposition on February 14, 2023, and plaintiff filed his reply thereto on February 24, 2023. (Doc. Nos. 15, 16.)

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Geographic*

*Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 41, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) ("Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule."). "[T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar*, 482 U.S. at 398–99.

## ANALYSIS

**A.     Preemption Under § 301 of the LMRA**

In their notice of removal, defendants assert that this court has federal question jurisdiction over this action because adjudication of plaintiff's representative PAGA claim

includes aggrieved apprentice employees whose rights are conferred by a collective bargaining agreement ("CBA") and are thus preempted under § 301 of the LMRA. (Doc. No. 1 at ¶ 4.) In his pending motion to remand, plaintiff argues that none of his claims are preempted because his employment is not subject to a CBA (Doc. No. 14-1 at 9–11) and his claims neither rely on a CBA nor depend on interpretation of a CBA's provisions (*id.* at 12–14.) The central question presented by the pending motion then is whether, as defendants argue, plaintiff's PAGA claim is preempted by federal law. Discussion of the relevant legal framework with respect to that issue is therefore necessary.

Section 301 of the LMRA, codified at 29 U.S.C. § 185(a), provides federal courts with original jurisdiction, regardless of the amount in controversy or citizenship of the parties, over any lawsuits "for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). In the specific context of preemption under § 301 of the LMRA, the Ninth Circuit has recognized that preemption "has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). Section 301 "authoriz[es] federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Id.* at 1151 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985) and *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962)). As the Ninth Circuit has explained,

> federal preemption under § 301 "is an essential component of federal labor policy" for three reasons. First, "a collective bargaining agreement is more than just a contract; it is an effort to erect a system of industrial self-government." Thus, a CBA is part of the "continuous collective bargaining process." Second, because the CBA is designed to govern the entire employment relationship, including disputes which the drafters may not have anticipated, it "calls into being a new common law—the common law of a particular industry or of a particular plant." Accordingly, the labor arbitrator is usually the appropriate adjudicator for CBA disputes because he was chosen due to the "'parties' confidence in his knowledge of the common law of the shop and their trust in his personal judgment to bring to bear considerations which are not expressed in the contract as criteria for judgment." Third, grievance and arbitration procedures "provide certain procedural benefits,

> including a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process."

*Id.* at 1152 (internal citations omitted).

The determination of whether a claim is preempted by § 301 is made by way of a two-step inquiry. The first question is "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law," or if instead the right is conferred by a CBA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). This step requires the court to consider "the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994) (citation omitted). If the asserted cause of action is conferred solely by the CBA, the claim is preempted. *Burnside*, 491 F.3d at 1059. If not, the court must still decide whether the claim is "'substantially dependent' on the terms of a CBA" by determining "whether the claim can be resolved by 'looking to' versus interpreting the CBA." *Id.* at 1059–60 (citations omitted). "The term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). If the claim requires interpretation of the CBA, the claim is preempted; if the claim merely requires "looking to" the CBA, it is not preempted. *Burnside*, 491 F.3d at 1060. Once preempted, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

In support of removal here, defendants assert that plaintiff brings the representative PAGA claim on behalf of a group of current and former employees who are subject to a CBA. (Doc. No. 1 at 3.) Specifically, defendants contend that some of these employees are apprentices obtained from programs run by the local joint apprenticeship committee who work on certain publicly funded projects and are subject to a CBA that preempt plaintiff's PAGA claim under California law. (*Id.*) Attached to their opposition to the pending motion to remand, defendants submit the declaration of Jessica Valentine, the officer manager of HMI, in which she states:

/////

> During the time covered by [p]laintiff's claims as stated in [p]laintiff's Complaint, a total of twenty-five individuals at various times worked for HMI on an hourly basis. Six of those individuals were apprentices obtained from either the Ironworkers Local Union 118 Joint Apprenticeship and Training program, or the Ironworkers Local Union 378 Joint Apprenticeship and Training program, with workers assigned by Ironworker Local Union 118 or Ironworkers Local 378, respectively.

(Doc. No. 15-1 at ¶ 5.)

The parties do not dispute that plaintiff's employment was not covered by a CBA. (Doc. Nos. 14-1 at 9–10; 15 at 9). At issue is whether plaintiff's PAGA claim—which is derivative of his claims asserting various wage-and-hour violations of California's Labor Code—is nevertheless preempted because, by defendants' approximations, plaintiff asserts his PAGA claim on behalf of twenty-four other aggrieved employees, six of whom were part of an apprenticeship program subject to a CBA and have claims that the CBA may preempt. (Doc. Nos 14-1 at 9–11; 15 at 8–12.) Plaintiff argues that because a CBA did not cover his employment, neither his individual claims nor his PAGA claim can be preempted. (Doc. No. 14-1 at 9–11.) Plaintiff points out that in class actions, "the usual rule . . . is that to establish subject matter jurisdiction one looks only to the named plaintiffs and their claims." (Doc. No. 14-1 at 9) (citing *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 810 (9th Cir. 2020)). Although this case is not a putative class action, plaintiff argues that the court should nonetheless look to his claims as the named plaintiff in determining whether the PAGA claim is preempted and not to the subset of employees within the group of "aggrieved employees" that defendants contend have signed a qualifying CBA. (Doc. No. 14-1 at 9–10.) Defendants, on the other hand, maintain that plaintiff's PAGA claim may be preempted even if a CBA did not cover him personally because PAGA's structure is entirely different from class actions, and, thus, the class action principles advanced by plaintiff do not apply. (Doc. No. 15 at 9, 11–12.) Defendants also contend that because PAGA claims involve an aggregation of discrete claims joined together, each claim must be examined in determining whether preemption applies. (*Id.* at 10–12.)

With regard to whether the named plaintiff must be subject to the qualifying CBA for the LMRA to preempt plaintiff's PAGA claim, both parties rely upon cases in which California

6

district courts have addressed the issue but reached inconsistent results. Plaintiff cites the decision in *Rivera v. AHMC Healthcare, Inc.*, No. 22-cv-104-DMG-AFM, 2022 WL 716094, at *3–4 (C.D. Cal. Mar. 10, 2022) (remanding the case to state court because the plaintiff was not covered by the defendants' qualifying CBA and therefore the defendants did not meet their burden of showing that the plaintiff's PAGA claim was preempted). (*See* Doc. No. 14-1 at 10.) Defendants cite to the decisions in *Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, No. 21-cv-09959-MWF-AGR, 2022 WL 707206, at *4 (C.D. Cal. Mar. 8, 2022) ("Even if Plaintiff and the State are not parties to the qualifying CBAs, the Court must still interpret the agreements to determine whether a violation occurred as to the Aggrieved Employees. Indeed, that is the only basis upon which the State of California could recover penalties under the facts of this case.") and *Rodriguez v. USF Reddaway Inc.*, No. 2:22-CV-00210-TLN-DB, 2022 WL 18012518, at *4 (E.D. Cal. Dec. 30, 2022) (relying on *Braswell,* holding that even if a plaintiff is not a party to the CBA, courts still must interpret the CBA to determine whether a violation occurred as to the aggrieved employees). (*See* Doc No. 15 at 10.)[1]

    The court finds the decision in *Rivera* to be persuasive and declines to follow the decisions in *Braswell* and *Rodriguez,* finding their logic is at odds with the nature of the PAGA statute. *Cf. Cranton v. Grossmont Hosp. Corp.*, No. 22-cv-443-JLS-MDD, 2022 WL 16572028, at *6 n.1 (S.D. Cal. Nov. 1, 2022) (observing that the district court in *Braswell* "may have

---

[1] Defendants also cite the decision in *Viking River Cruises, Inc. v. Moriana*, __U.S.__, 142 S. Ct. 1906, 1920, *reh'g denied*, __U.S.__, 143 S. Ct. 60 (2022) in support of their proposition that the plaintiff need not be subject to the CBA for the plaintiff's PAGA suit to be preempted by § 301 of the LMRA. (Doc. No. 15 at 9–12.) Specifically, defendants argue that *Viking River Cruises* clarifies that class actions and PAGA suits are different and that PAGA claims involve an aggregation of discrete claims joined together, each of which must be examined for preemption by § 301 of the LMRA. (*Id.*) While it is true that class actions and PAGA suits are different, those differences do not alter the analysis here. This court's holding is based not on the class action principles advanced by plaintiff, but on the principle that PAGA claims are derivative of the predicate California Labor Code violations and rise and fall with those underlying claims. *See Curtis*, 913 F.3d at 1150 n.3. Furthermore, the holding in *Viking River Cruises* does not support defendants' argument that if any of the aggrieved employees are subject to a qualifying CBA, the PAGA suit is preempted by § 301 of the LMRA. (Doc. No. 15 at 11.) *Viking River Cruises* did not contemplate the issue presented by the pending motion. Rather, *Viking River Cruises* dealt with another issue and statute, holding that the Federal Arbitration Act preempts California law "insofar as it precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate" and that the plaintiff therefore lacked standing to maintain a representative PAGA claim. 142 S. Ct. at 1924–25.

misconstrued and misapplied the relevant law" and to have "miscited California law" on the issue). PAGA does not create any substantive rights nor does it impose any legal obligations. *Amalgamated Transit Union, Loc. 1756, AFL-CIO v. Superior Ct.*, 46 Cal. 4th 993, 1003 (2009). Rather, it is "simply a procedural statute allowing an aggrieved employee to recover civil penalties—for [California] Labor Code violations—that otherwise would be sought by state labor law enforcement agencies." *Id.* Here, plaintiff's PAGA claim does not add any factual allegations; it is entirely derivative of plaintiff's individual California Labor Code claims. (Doc. No. 1-2 at 22–27.) Thus, whether the court has subject matter jurisdiction over the derivative PAGA claim depends on whether the court has jurisdiction over plaintiff's underlying predicate California Labor Code violations. *See Curtis*, 913 F.3d at 1150 n.3 (noting that the PAGA claim depended on the predicate California Labor Code violations); *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 748 (S.D. Cal. 2021) ("[I]f [the court] has original jurisdiction over these predicate claims, it also has original jurisdiction over Plaintiff's PAGA claim."); *Franco v. E-3 Sys.*, Nos. 19-cv-01453-HSG, 19-cv-02854-HSG, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019) ("PAGA claims are derivative of the predicate California Labor Code violations, and therefore rise and fall with those underlying claims.").

Because defendants have failed to show that plaintiff is subject to a qualifying CBA, plaintiff's individual claims for California Labor Code violations do not involve a right that "exists solely as a result of the CBA," and thus § 301 does not preempt them. *See Burnside*, 491 F.3d at 1059. As a result, the court does not have subject matter jurisdiction over the derivative PAGA claim. *See Segismundo v. Rancho Murieta Country Club*, No. 2:21-cv-02271-DAD-JDP, 2022 WL 11804027, at *4 (E.D. Cal. Oct. 20, 2022) ("Because defendant has failed to show by a preponderance of the evidence that plaintiff's wage and hour claims triggered preemption under the LMRA in *Segismundo I*, the court does not have subject matter jurisdiction over the derivative PAGA claim."); *Alexander v. Republic Servs., Inc.*, No. 2:17-cv-0644-WBS-AC, 2017 WL 2189770, at *6 (E.D. Cal. May 18, 2017) (remanding the plaintiff's PAGA action after finding that none of the underlying California Labor Code violation claims were preempted by § 301 of the LMRA); *Wentz v. Taco Bell Corp.*, No. 12-cv-1813-LJO-DLB, 2012 WL 6021367, at *5, 7

(E.D. Cal. Dec. 4, 2012) (remanding PAGA claim to state court because plaintiff's California Labor Code claims had already been remanded); *cf. Franco*, 2019 WL 6358947, at *4 (concluding that the court had jurisdiction over PAGA claims because it had jurisdiction over the predicate California Labor Code violation claims); *Radcliff*, 519 F. Supp. 3d at 752 (concluding that the plaintiff's PAGA action, which was, in part, predicated on the meal period claim, was preempted by § 301 of the LMRA because the meal period claim was preempted).

**B.     Preemption Under ERISA**

In their notice of removal, defendants also assert that this court has federal question jurisdiction over this action because plaintiff's PAGA claim, which is derivative of plaintiff's state law claims, is preempted by § 514(a) of ERISA, codified at 29 U.S.C. § 1144(a) (hereinafter "§ 514(a)"). (Doc. No. 1 at 3–4.)

Under ERISA, there are two separate preemption doctrines: (i) complete preemption under § 502(a), codified at 29 U.S.C. § 1132(a) (hereinafter "§ 502(a)"), and (ii) conflict preemption under § 514(a). *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944–46 (9th Cir. 2009). Only the complete preemption doctrine under § 502(a) provides a basis for federal question removal jurisdiction; § 514(a) does not. *Id.* at 945. Accordingly, on plaintiff's motion to remand, the relevant question is whether plaintiff's state law claims are completely preempted under § 502(a), and thus whether defendants properly removed the case from state to this federal court. *See Skillin v. Rady Children's Hosp.*, No. 14-cv-01057-BAS-BLM, 2015 WL 4715018, at *4 (S.D. Cal. Aug. 7, 2015).

A state law claim falls within the scope of ERISA and is completely preempted under § 502(a) "if [1] an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and . . . [2] there is no other independent legal duty that is implicated by a defendant's actions." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). In regard to *Davila*'s first prong, which asks whether a plaintiff could have brought his claim under § 502(a)(1)(B) of ERISA, such an action can be brought only by a participant or beneficiary. *See* 29 U.S.C. § 1132(a)(1)(B).

/////

Here, not only do defendants erroneously rely on § 514(a) to support their complete preemption argument, but they do not even argue that plaintiff was a participant or beneficiary of an employee benefit plan. (Doc. No. 15 at 19–23.) Rather, defendants' ERISA preemption arguments are based on a joint apprenticeship program's ERISA-governed employee benefits plan that is only applicable to six employees, none of whom are the named plaintiff in this case. (*Id.*) Defendants further argue that plaintiff's PAGA claim conflicts directly with fundamental terms of an ERISA-governed joint apprenticeship training committee program. (*Id.* at 19.) However, defendants' arguments are not legally relevant to complete preemption under § 502(a) because they fail to address how plaintiff—who was not a participant or beneficiary under the purported employee benefits plan at issue—could have brought his claim under ERISA § 502(a)(1)(B). Consequently, the first prong under *Davila* is not satisfied and the court need not reach the second prong. *See Rosset v. Hunter Eng'g Co.*, No. 14-cv-01701-LB, 2014 WL 8623332, at *8–9 (N.D. Cal. Aug. 15, 2014) (remanding the matter after finding that the defendants could not meet their burden under the first prong of the *Davila* test because the plaintiffs were not participants under ERISA). In sum, ERISA does not completely preempt plaintiff's PAGA claim and therefore does not provide a basis for removal.

## CONCLUSION

For the reasons explained above:

1. Plaintiff's motion to remand (Doc. No. 14) is granted;
2. This action is remanded to the Solano County Superior Court due to this court's lack of subject matter jurisdiction; and
3. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:  **March 14, 2023**                          /s/ Dale A. Drozd
                                                    UNITED STATES DISTRICT JUDGE